**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-61-TCK |
| ) | |
| DALLION LAVELL BANKS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §§ 2255(f)(3) and/or 2255(e) (Doc. 160) ("§ 2255 Motion) filed by Defendant Dallion Banks ("Defendant") and the United States' Motion to Dismiss (Doc. 165), wherein the United States moves to dismiss the § 2255 Motion as untimely.

### I. Timeliness

Defendant's § 2255 Motion was not filed within one year from the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1).[1] However, Defendant urges that his motion, which is based upon the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), was timely filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Tenth Circuit has held that, although the *Alleyne* decision sets forth a new rule of constitutional law, it was not "made retroactive to cases on collateral review." *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013);

---

[1] On February 2, 2009, prior to the expiration of his one-year deadline, Defendant filed a motion for extension of time to file a § 2255 motion. The deadline lapsed while the motion was pending. Following expiration of the deadline, the Court denied the motion for extension.

*United States v. Reyes-Soto*, 556 F. App'x 675, 677 (10th Cir. 2014) (holding that *"Alleyne*'s rule has not been made retroactively applicable"). Therefore, § 2255(f)(3) does not apply, and Defendant's motion is untimely.

## II.     Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues in this case differently. A certificate of appealability shall be denied.

2

### III. Conclusion

Defendant's § 2255 Motion (Doc. 160) is dismissed with prejudice as untimely, and the United States' motion to dismiss (Doc. 165) is GRANTED. A certificate of appealability is denied. A separate Judgment shall be entered.

DATED this 22nd day of August, 2014.

**TERENCE KERN**
**United States District Judge**