IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 06-CR-61-TCK ) |
| DALLION LAVELL BANKS, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Defendant Dallion Lavell Banks ("Banks") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 175). On September 22, 2020, the Government filed its Response in Opposition (Doc. 178). Thereafter, Banks filed an Amended Motion for Reduction (Doc. 182) and the Government filed a Response in Opposition to the Amended Motion (Doc. 184).

Banks seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018, and a combination of factors which warrant relief. The Government urges the Court to deny Bank's § 3582(c)(1)(A) motion based on the contention that Banks is not eligible for compassionate release. *Id.* Specifically, the Government argues that the First Step Act did not change the requirements for granting compassionate release, Bank's claims do not constitute "extraordinary and compelling reasons" warranting relief, and that Banks still poses a danger to the safety of the community (Doc. 178, 184). Based on the following, Banks submits the Government is wrong as a matter of law as to his eligibility for relief under 18 U.S.C. § 3582(c)(1)(A). Further, Banks maintains that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors support a reduction in sentence.

**I. Background**

In 2006, a jury found Banks guilty of two methamphetamine offenses and two accompanying § 924(c) violations. (Doc. 104). This Court sentenced him to a total of 528 months imprisonment, comprised of concurrent 168-month terms on Counts One and Three, a consecutive 60-month term on Count Two and a consecutive 300-month term on Count Four. (Doc. 110).

On direct appeal, the Tenth Circuit affirmed Banks's conviction, and the Supreme Court denied certiorari. *United States v. Banks*, 262 F. App'x 900 (10th Cir. 2008) (unpublished). In 2015, Banks sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), under Amendment 782 to the Sentencing Guidelines. (Doc. 169). With no objection from the government, this Court granted the § 3582 motion, reducing his sentence from 528 to 495 months of imprisonment. (Doc. 170).

As noted, Banks has sought to obtain relief from this sentence and has filed both direct and collateral appeals with only minimal relief. However, in December 2018, Congress passed the First Step Act, which eliminated the practice of enhancing § 924(c) counts in a first case and empowered defendants to seek compassionate release from the courts. First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5221–22. Pursuant to those changes, Banks submitted a written request to the Warden at his facility, asking the Warden to move this Court for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). More than 30 days have elapsed, and the Warden has not responded to Bank's request.

## II. Statement of the Relevant Facts

In November of 2006, when Banks was 30 years old, he was arrested in a hotel room in Tulsa, Oklahoma. The search of the room revealed multiple guns, methamphetamine and approximately $4,000.00 in cash. Since Banks's sentencing in 2007, significant reforms have been made within the criminal justice system to avoid excessively long prison sentences. Although many changes have not been deemed retroactively applicable, numerous district courts have found that the massive sentencing disparities caused by recent legislation, as well as a combination of other factors, may warrant a reduction in sentence through 18 U.S.C. § 3582(c)(1)(A).

## III. Applicable Law

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [1]

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*; See also, *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

### A. Exhaustion Requirement

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, two Courts of Appeals have recently weighed in on the subject. In *United States v. Raia*, the Third Circuit concluded that failure to comply with the statute's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

More recently, the Sixth Circuit found that a prisoner's failure to exhaust his administrative remedies did not deprive the court of subject matter jurisdiction; however, the court concluded that the exhaustion requirement "looks like a claim-processing rule, and in operation it acts like one." *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). In so holding, the court noted:

> Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition. If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving

---

[1] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

for it on his own behalf. To do that, he must "fully exhaust [] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison.

18 U.S.C. § 3582(c)(1)(A). *Id.*

### B. Extraordinary and Compelling Circumstances

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, 993 F.3d 3d 821, 832 (10th Cir. 2021); *United States v. Bucci*, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13. The commentary to this section states:

    1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant. –

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances. –

    (i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

      (D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

However, the Tenth Circuit has recently clarified this position and held that § 1B1.3 is not binding on district courts "when a defendant files a motion to reduce sentence under § 3582(c)(1)(A) directly with the district court." *Id.*

      **C. Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors**

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v. Rodriguez-Orejuela*, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

      (1) (A) extraordinary and compelling reasons warrant the reduction;

      (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

### IV. A Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) is Warranted

#### A. Banks Has Met the Exhaustion Requirements of § 3582(c)(1)(A)

As noted *supra*, Banks submitted a written request to the warden requesting a compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i). More than 30 days have elapsed, and the warden has not responded to Bank's request. Therefore, Banks has fully exhausted his administrative appeals and has met the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

#### B. Extraordinary and Compelling Circumstances Justify a Reduction in Sentence

In considering Banks' motion, the Court has reviewed the three-part test adopted by the Tenth Circuit in *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing *United States v. Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020)). Step one requires the Court to determine at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. Step two requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. Step three requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. However, because the policy statements of the Sentencing Commission have not been updated since enactment of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file motions for compassionate release directly with the Court, the existing policy statements are not applicable to motions filed directly by defendants. *Id*. at 12. Further, when any of the three prerequisite steps are lacking, the Court may deny a compassionate release motion and does not need to address the other steps. The Court

must address all three steps when granting such motion. *Id.* at 13 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). See also *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).

The extraordinary and compelling circumstances presented in the instant case relate in part to the significant sentencing disparity created by another provision of the First Step Act–the changes to the penalty provisions under 18 U.S.C. § 924(c)(1)(C). Section 403 of the First Step Act amended § 924(c)(1)(C) to now read:

(C) In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall–

(i) be sentenced to a term of imprisonment of not less than 25 years.

18 U.S.C. § 924(c)(1)(C).

Prior to the enactment of the First Step Act, an enhanced, statutory minimum penalty was provided for any § 924(c) conviction after the first, regardless of whether the subsequent conviction was a part of the instant offense. Such is Banks's case. Banks received a term of 528 months, 30 years of which were mandated by his "stacked" § 924(c) convictions. If Banks were sentenced based on what is now considered to be a fair and reasonable punishment, he would not have been subject to a mandatory enhancement. The amendments to § 924(c)(1)(C) under the First Step Act would apply in this case if Banks were convicted of the same crimes today. This reveals a 20 year discrepancy between Banks' current sentence and the sentence to which he would be subject if convicted today; instead of the 528 month sentence which was previously reduced to 495 months, Banks would be subject to a sentence of 255 months. Further, Banks has already served approximately 15 years of his sentence.

Recognizing the disparity created by the First Step Act's alterations to § 924(c), many district courts have granted reductions to defendants with "stacked" 924(c) convictions. In *United*

*States v. Urkevich*, the U.S. District Court for the District of Nebraska found that "[a] reduction in [Urkevich's] sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed." *United States v. Urkevich*, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019). Since the *Urkevich* decision, numerous other district courts have followed suit. See, e.g., *United States v. Young*, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020); *United States v. O'Bryan*, 2020 WL 869475 (D. Kan. Feb. 21, 2020); *United States v. Maumau*, No. 2020 WL 806121 (D. Utah Feb. 18, 2020).

District courts across the country have continued to grant § 3582(c)(1)(A) relief based on the "stacking" of § 924(c) convictions. See also *United States v. Clausen*, 2020 WL 4260795 (E.D. Pa. July 24, 2020) (reducing sentence to time served after serving 20 years on nine counts of § 924(c) resulting in a 213-year sentence); *United States v. Burt*, 2020 WL 4001906 (E.D. Mich. July 15, 2020) (reducing sentence to time served after serving 30 years of a 41-year sentence for stacked § 924(c) convictions); *United States v. Adeyemi*, 2020 WL 3642478 (E.D. Pa. July 6, 2020) (reducing sentence to time served based on two § 924(c) where defendant was sentenced to 385 months at the age of 19); *United States v. Lott*, 2020 WL 3058093 (S.D. Cal. June 8, 2020) (reducing a sentence of 423 months based on stacked § 924(c) convictions to 375 months imprisonment); *McCoy v. United States*, 2020 WL 2738225 (E.D. Va. May 26, 2020) (granting a reduction in sentence from stacked § 924(c) convictions where defendant was sentenced at age 20 to a 421-month term and finding the defendant's relative youth at the time of sentence, overall length of sentence, disparity between his sentence and those sentenced for similar crimes after the First Step Act, and his rehabilitation efforts form extraordinary and compelling bases for relief); *United States v. Haynes*, 2020 WL 1941478 (E.D.N.Y. Apr. 22, 2020) (reducing a 46-year term of

imprisonment after serving 27 years based on § 924(c) stacking), and *United States v. Curtis*, No. 01-CR-03-TCK, 2020 WL 6484185 (N.D. Okla. Nov. 4, 2020).

If Banks were sentenced today, he would not be subject to the mandatory enhanced sentence for a subsequent § 924(c) conviction. As the district courts in *Maumau, Urkevich, Young,* and *O'Bryan* have recognized, such a significant disparity in sentence constitutes an "extraordinary and compelling" reason for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

**C. A Reduction in Sentence is Warranted After Consideration of the 18 U.S.C. § 3553(a) Factors and Sentencing Guidelines Policy**

Having established that Banks has exhausted his administrative appeal, and that extraordinary and compelling circumstances exist, the Court must consider the factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines policy to determine whether a reduction in sentence is warranted.

Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id.* Indeed, the Court continued, "Post-sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at 1242.[2] See e.g. *United States v. Millan*, 91-CR-685 (LAP), 2020 WL 1674058, at *9 (S.D.N.Y.

---

[2] "In addition, evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of post sentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further

Apr. 6, 2020) (granting a sentence reduction under § 3582(c) to a defendant who ran a drug-trafficking organization, given that "[the defendant], in the face of a life sentence, assumed a positive outlook and attitude towards life, sought to improve himself to the utmost extent possible and was motivated to do so notwithstanding his circumstances").

Looking to the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), Banks recognizes the severity of his wrongdoing and has committed himself to proving his rehabilitation. During his time incarcerated, Banks continues to work on self-development and personal growth having completed many hours of classes and programs in an array of subjects offered by the BOP. He has been dedicated to the rehabilitation of himself and others, personifying the objectives of § 3553(a)(2) that incarceration "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment."

Banks has an extensive inmate transcript, logging many hours in educational courses and apprenticeship opportunities. His classes include American History, Business Math, Spanish I, Forklift Training-Safety, Machine Dye and Tool, and World History. Among his many accomplishments over the past 15 years, Banks has received his GED, and has served as a suicide watch companion several times, an assignment only given to trusted inmates.

Considering Banks' personal rehabilitation in prison, coupled with his relative youth at the time of the offense, his lack of prior felony convictions, and his good behavior during his incarceration, the disparity of sentence between his sentence and those sentenced for similar crimes after the First Step Act, the Court finds extraordinary and compelling circumstances which form

---

crimes of the defendant,' and 'provide the defendant with needed educational or vocational training…or other correctional treatment in the most effective manner." §§3553(a)(2)(B)-(D); see *McMannus,* 496 F.3d, at 853 (Melloy, J., concurring) ("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). *Id.*

the basis for relief. While his crimes were serious, he has accepted full responsibility for them and has already endured serious punishment for them. The Court finds the time Banks has already served is more than sufficient to achieve the goals of his sentencing set forth in 18 U.S.C. § 3553(a)(2), such that his continued incarceration serves no legitimate end. Banks has served more than 15 years already, the equivalent, considering good time, of a nearly 20-year sentence. Those years in prison have been transformative for him. Therefore, the Court finds that a reduction under § 3582(c)(1)(A) to a sentence of time served is "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a).

### V. CONCLUSION

Based on the foregoing, the Court grants Banks' Amended Motion for Compassionate Release (Doc. 175, 182). Defendant's sentence is hereby reduced to time served, plus 14 days. The fourteen-day period prior to release from the Bureau of Prisons should be spent in quarantine for protection of the public. The previously imposed fine, term of supervised release and conditions of supervision remain unchanged.[3] The Bureau of Prisons is directed to provide a plan of release to the United States Probation office for the Northern District of Oklahoma expeditiously.

.       **IT IS SO ORDERED this 14th day of May, 2021.**

TERENCE C. KERN
United States District Judge

---

[3] Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment.